**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4084**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DOMINICK RANDELL COLEMAN, a/k/a D,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  Elizabeth Kay Dillon, District Judge.  (7:06-cr-00027-EKD-1)

Submitted:  December 2, 2020      Decided:  December 15, 2020

Before FLOYD, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Brooks A. Duncan, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominick Randell Coleman appeals the district court's judgment revoking his supervised release and imposing a sentence of 10 months in prison and three years of supervised release. On appeal, he does not challenge the district court's decision to revoke his supervised release but contends that its failure to sufficiently factor or address his efforts at rehabilitation in the month before the revocation proceeding and his earlier overserved sentence constituted procedural error warranting resentencing. We affirm.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks and citations omitted). "'We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable.'" *United States v. Doctor*, 958 F.3d 226, 238 (4th Cir. 2020) (citation omitted). "First, we determine whether the sentence is 'unreasonable at all,' procedurally or substantively." *Coston*, 964 F.3d at 296 (citation omitted). "If it is not, we affirm; if it is unreasonable, we determine whether it is plainly so." *Id*. (citation omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable § 3553(a) sentencing factors." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020) (citation omitted). A sentence within the policy statement range requires less explanation. *Id.* at 439 (citations omitted). In explaining its sentence, the district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough

2

manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). "[A] revocation sentence is substantively reasonable if the court 'sufficiently state[s] a proper basis for its conclusion that' the defendant should receive the sentence imposed." *Id*. at 207 (citation omitted). We presume that a sentence within the policy statement range is reasonable. *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013).

"By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). "Of course, lodging one specific claim of procedural sentencing error before the district court, e.g., relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, e.g., relying on different § 3553 factors." *Id*. at 579 n.4. Moreover, merely pointing out facts without making arguments for a different sentence based on consideration of the § 3553 factors does not preserve the claim. *See id*. at 580.

We have reviewed the record and conclude that Coleman's sentence is reasonable. He violated the conditions of his supervised release by brandishing a firearm, and his policy statement range was 6 to 12 months. In the district court, he argued that although he had been rough to supervise at times, he had shown a lot of success in the last month before the final revocation proceeding; and he asked the court to allow him to complete his treatment program in lieu of incarceration. After considering the Chapter Seven policy statement range and applicable § 3553(a) factors, the court found that a sentence within the range

3

was appropriate based on Coleman's significant breach of trust and violent nature of his violation, in order to deter him and protect the public from his future crimes; but the court considered and credited his recent progress by not giving him the high end of his policy statement range. The court recommended that he receive any available treatment while in custody and encouraged him to seek treatment again when released. On appeal, Coleman contends that the court failed to sufficiently factor or address his efforts at rehabilitation or his earlier "overserved" sentence. However, as the Government correctly notes, Coleman did not make any arguments or requests based on his earlier sentence of time-served in the district court; and he fails to show any plain error by the court. Moreover, we conclude that the court adequately addressed his arguments and explained its sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*